

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

May 26, 1939

Hon. C. L. Kuykendall, Chairman
Board of Examiners
State Department of Education
Austin, Texas

Dear Sir:

Opinion No. O-785
Re: Whether general revenue war-
rants may be issued to meet
current obligations of the
Board of Examiners of the
State Department of Education,
the fund being exhausted at
this time.

We are in receipt of your letter of May 9,
1939, wherein you outline in substance the following
facts:

Fees accruing to the State Board of Examiners
for the State Department of Education have been placed
in the general revenue fund as collected. All of such
fees collected during the current year and prior years
have been expended and there are no such funds in the
treasury at this time with which to pay operating ex-
penses and salaries. You advise that, according to past
experience, it is altogether probable that enough of
such fees will come into the treasury between now and
September 1, 1939, to meet the present obligations of
the board and all such obligations which may accrue be-
tween now and September 1st. You request our opinion
in response to the following two questions:

"(1) Is it not in order for the Comp-
troller's Department to continue to issue
deficiency warrants in meeting the obliga-
tions of the Board of Examiners?

"(2) Is it in line with general practices

for salary warrants to be issued for ser-
vices rendered several months prior to the
date of the warrants?"

Article 2877, Revised Civil Statutes, reads
as follows:

"The State Superintendent shall be
authorized to appoint a State Board of
Examiners, consisting of not less than
three competent teachers, living in the
State, to serve during his pleasure, and
he may increase or decrease the number,
as varying conditions may make necessary."

Article 2879, Revised Civil Statutes, pro-
vides in part as follows:

"....The county superintendent shall
forward promptly to the State Superinten-
dent, all papers of applicants applying
for State certificates, these to be sub-
mitted to the State Board of Examiners,
together with the reports of the county
board of examiners, on a prescribed form
furnished by the State Department of Educa-
tion, with a fee of two dollars from the
fee paid to him by each of the applicants
applying for State certificates."

Senate Bill No. 138, being Chapter 504, General
and Special Laws of Texas, Regular Session, 45th Legisla-
ture, is the general appropriation bill for the support
and maintenance of the executive and administrative de-
partments and agencies of the state government for the
two year period beginning September 1, 1937. At page
1418 we find the following provision making appropriations
for the maintenance of said Board of Examiners for said
biennium:

"Board of Examiners Division

"It is hereby provided that amounts
for the salaries of all persons engaged
in the examination and certification of



applicants for teachers' certificates and
for other expenses incident thereto shall
never exceed the amounts of the prior year's
balances of fees collected from applicants
for certificates plus current fees collect-
ed, and that not exceeding the following
amounts per year for salaries shall be paid
to the following members and employees of
said Board: $3,000.00 to the Chairman-Member;
$2,750.00 to the College Examiner-Member;
$1800.00 to the Secretary-Member; $1600.00
to the Certificate Clerk; and all other help
at the rate not exceeding $112.50 per month;
also $3,000.00 each year for maintenance,
equipment, travel and congent expenses; and
said balances and fees are hereby appro-
priated for the purposes of paying said
salaries and expenses for each of the two
fiscal years ending August 31, 1938, and
August 31, 1939."

It will be noted that neither Article 3877 nor
any other statute fixes the salary of the State Board of
Examiners nor does any general statute fix the salary of
any employee of the board. All of such salaries and all
expenses of the board are left to be provided for in such
appropriation bills as are enacted for the purpose of
enabling the board to function. The only appropriation
made for the current biennium has been quoted above.
Article 8, Section 6 of the state Constitution reads as
follows:

"No money shall be drawn from the
Treasury but in pursuance of specific appro-
priations made by law; nor shall any appro-
priation of money be made for a longer term
than two years, except by the first Legisla-
ture to assemble under this Constitution,
which may make the necessary appropriations
to carry on the government until the assem-
blage of the sixteenth Legislature."

If the above constitutional provision needs any

fortification it is provided in the case of Fickle vs. Finley, 44 CW 480, by the Supreme Court, wherein it is held that a warrant cannot issue for a salary provided by statute unless there has been an appropriation therefor. The appropriation for the Board of Examiners for the current fiscal year is of whatever sum that was on hand on September 1, 1938, plus fees collected during this fiscal year. No other sum is appropriated for such purpose and no amount in excess thereof can be paid from the state treasury. If the Comptroller should issue warrants for present salaries and expenses and it should develop that the fees which are collected for this account between now and September 1, 1939, should not be sufficient to pay such outstanding warrants, then it would follow that such unpaid warrants had been issued without authority of law and in contravention of the above constitutional provision. Therefore, the Comptroller can issue such warrants only upon peril of that development.

We do not believe that we can take judicial knowledge of whatever the general practice may be in connection with the matter inquired about in your second question. However, if warrants are not issued at this time, as the services are performed, there would be no legal inhibition against the subsequent issuance of such warrants, in the amount of the sums on hand from time to time during the balance of the fiscal year, for the payment of such services.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Glenn R. Lewis_

Glenn R. Lewis
Assistant

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN

GRL:AW

APPROVED:

_Gerald C. Mann_
ATTORNEY GENERAL OF TEXAS